UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DONALD SISUN,

                         Plaintiff,

         - against -

THE UNITED STATES OF AMERICA,

                        Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-7429 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On December 28, 2018, Plaintiff Donald Sisun ("Plaintiff"), proceeding *pro se*, filed this action against the United States of America ("Defendant") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680. (*See* Complaint ("Compl."), Dkt. 1, at 4.) Plaintiff paid the filing fee to commence this action. For the reasons set forth below, Plaintiff's complaint is dismissed with leave to replead within thirty (30) days of this Order.

## BACKGROUND

Plaintiff states the facts of this case as follows:

> Due to the mismanagement of a veteran, by the U.S. Veterans Administration, on July 12, 2016, I was assaulted by a U.S. Veteran, who was under the H[UD] V[ASH] Housing program. She intentionally slammed the door on my hand in front of 4 U[.]S[.] Government employees and I was unable to work and had loss of income. The incident left a permanent scar and damage to my hand[,] which occurred at 155 A Beach 27th Street, Far Rockaway, N.Y. 11691.

(*Id.* at 5.) Plaintiff also alleges that the assaulter "vandalized [Plaintiff's] property[,] at which she resided." (*Id.* at 6.) For relief, Plaintiff seeks an award of $10,500 in damages plus court costs. (*Id.*)

## STANDARD OF REVIEW

At the pleading stage of a civil case, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d

111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint filed *pro se* will be "liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and "interpreted to raise the strongest arguments that [it] suggests," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Even so, all complaints filed in federal court, including those filed *pro se*, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Regardless of whether a plaintiff has paid the filing fee to initiate the case, federal district courts have the inherent authority to dismiss a case *sua sponte* if an action is frivolous or if they lack subject matter jurisdiction over the claims alleged in the complaint. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*."). Federal subject matter jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *Gray v. Internal Affairs Bureau*, 292 F. Supp. 2d 475, 477 (S.D.N.Y. 2003) (quoting *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975)). If a court determines *sua sponte* that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff brings his claims against Defendant under the FTCA. (Compl. at 4.) The FTCA waives the federal government's sovereign immunity from civil suits seeking money damages:

2

> for property damage or personal injury "caused by the negligent or wrongful act or omission of any employee of the [federal] Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016) (quoting 28 U.S.C. § 1346(b)(1)). Before filing suit under the FTCA, a plaintiff must file an administrative claim with the appropriate federal agency within "two years after such claim accrues" and his claim must "have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. §§ 2401(b); 2675(a). It is Plaintiff's burden to plead that he has complied with the FTCA's administrative exhaustion requirement. *Sherman-Amin-Braddox:Bey v. McNeil*, No. 10-CV-5340 (ARR) (JMA), 2011 WL 795855, at *2 (E.D.N.Y. Feb. 25, 2011) (citing *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987)). The FTCA's exhaustion requirement is "jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *see also Mahmud v. United States*, No. 17-CV-4774 (DLI) (RML), 2018 WL 2766141, at *3 & n.2 (E.D.N.Y. June 7, 2018) (stating that the FTCA's waiver of sovereign immunity is predicated on the exhaustion of administrative remedies). However, the FTCA's filing deadlines "are nonjurisdictional and subject to equitable tolling." *United States v. Wong,* 135 S. Ct. 1625, 1638 (2015).

Here, Plaintiff has not alleged that he filed an administrative claim with the United States Department of Veteran's Affairs, the United States Department of Housing and Urban Development, or any other appropriate federal agency as required under the FTCA. *See Celestine*, 403 F.3d at 82 ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court."); *Morrow v. Dupont*, No. 08-CV-3083 (SJF) (WDW), 2010 WL 1005856, at *3 (E.D.N.Y. Mar. 15, 2010) (holding the same); *see also* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money

damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). Thus, Plaintiff has failed to invoke this Court's subject matter jurisdiction, and the complaint must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

If he did in fact file an administrative claim with a federal agency as required to sue under the FTCA, Plaintiff must plead that fact in an amended complaint. Even if Plaintiff did not file a timely administrative claim, however, the FTCA's time bars may be equitably tolled if he "'pursued his rights diligently but some extraordinary circumstance' prevent[ed] him from meeting a deadline." *Wong,* 135 S. Ct. at 1631 (quoting *Lozano v. Montoya Alvarez,* 572 U.S. 1, 10 (2014)). For the Court to apply the doctrine of equitable tolling, however, Plaintiff must plead facts that demonstrate such diligence and extraordinary circumstances. *Cf. Lopez v. Nassau Cty. Sheriffs Dep't*, No. 17-CV-3722 (DRH) (GRB), 2018 WL 3321430, at *5 (E.D.N.Y. July 5, 2018) (requiring a *pro se* plaintiff to set forth "facts demonstrating that he acted with reasonable diligence during the time he seeks to have the statute of limitations tolled" and that "circumstances are so extraordinary [as] to warrant application of equitable tolling"). Plaintiff's complaint contains no indication of reasonable diligence or extraordinary circumstances such that the Court could find that he is entitled to equitable tolling.

## CONCLUSION

Because Plaintiff has failed to properly invoke this Court's subject matter jurisdiction, the complaint is dismissed without prejudice. Fed. R. Civ. P. 12(h)(3). However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days

4

from the date of this Order, showing either that he has exhausted his administrative remedies under the FTCA or that the FTCA's time bars should be equitably tolled.

If Plaintiff chooses to file an amended complaint, he must provide a statement of claim that includes a description of all relevant facts, including, but not limited to, what occurred to give rise to his FTCA claim, the date on which he filed an administrative claim, the name of the federal agency with which he filed the claim, and the agency's final decision on the claim. If available, Plaintiff should attach a copy of his administrative claim and a copy of the federal agency's final decision as exhibits to his amended complaint. Plaintiff may attach documents as exhibits to his amended complaint, but references to exhibits alone cannot substitute for the statement of claim required by Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8.

If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action without prejudice. All proceedings shall be stayed for 30 days from the date of this Order. Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 16, 2019
      Brooklyn, New York